MARCUS, Justice.
Elijah Iford, Sr. was charged by affidavit with operating a motor vehicle while his license was suspended in violation of La. R.S. 32:415. After trial in the Lake Charles City Court, he was found guilty as charged and sentenced to pay a fine of one hundred dollars plus costs or serve twenty days in jail. He was additionally sentenced to serve ten days in jail; however, execution of this portion of the sentence was suspended. On appeal to the district court, defendant’s conviction and sentence were af *938 firmed. Defendant’s application to this court was granted under our supervisory jurisdiction.[1]
Defendant contends that the period of suspension of his license had expired on the date he was arrested and charged with operating a motor vehicle while his license was suspended. Accordingly, he argues that he could not be found guilty of said charge.
The essential facts are not in dispute. On January 8, 1977, the Department of Public Safety, pursuant to La.R.S. 32:414A,[2] suspended defendant’s license for a period of sixty days upon receiving from a proper court having traffic jurisdiction satisfactory evidence of defendant’s entry of his guilty plea (and sentence thereon) to a charge of operating a motor vehicle while intoxicated (first offense). Thereafter, on November 25, 1978, defendant was arrested and charged with operating a motor vehicle while his license was suspended.
Standing alone, La.R.S. 32:414A would seem to indicate that the period of suspension of defendant’s license imposed on January 8,1977, expired at the end of sixty days. However, La.R.S. 32:414F (as amended by Acts 1976, No. 594, § 1) modifies the provisions of subsection A of section 414 and provides:
F. Upon the expiration of the period of the suspension of any license, the department shall return the license to the licensee, or in its discretion, may issue him a new license, but only if the requirements of Section 896 of this Title relative to proof of financial responsibility are satisfied, (emphasis added)
Section 896 (La.R.S. 32:896), relative to proof of financial responsibility, provides:[3]
A. When the director under Sections 414(A) or 414(B)(2) of this Title suspends the license or nonresident operating privilege of any person upon receipt of evidence of conviction, entry of guilty plea, or forfeiture of bond of any person charged with operating a motor vehicle while under the influence of intoxicating beverages or narcotic drugs or stimulants of the central nervous system, or under Section 667 of this Title for refusal to submit to chemical tests of blood, breath, urine, or other bodily substance for determining the alcoholic content of his blood, *939 no license shall be reinstated or reissued to the person unless such person previously has given or immediately gives and thereafter maintains proof of financial responsibility with respect to all motor vehicles registered by him for a period of three years. Amended by Acts 1968, No. 273, § 15; Acts 1976, No. 594, § 1.
B. If a person is not licensed, but by final order or judgment is convicted of or forfeits any bail or collateral deposited to secure an appearance for trial for any offense requiring the suspension or revocation of license, or for operating a motor vehicle upon the highways without being licensed to do so, or for operating an unregistered motor vehicle upon the highways, no license shall be thereafter issued to such person until he shall give and thereafter maintain proof of financial responsibility, when required.
C. Proof of financial responsibility shall also be required upon the part of any resident or nonresident licensed driver upon notice of first conviction for driving while intoxicated although the judge who has convicted such driver recommends that the license not be suspended upon such first conviction. Amended by Acts 1976, No. 594, § 1.
D. Whenever the commissioner suspends or revokes a non-resident’s operating privilege by reason of a conviction or forfeiture of bail, such privilege shall remain so suspended or revoked unless such person shall have previously given or shall immediately give and thereafter maintain proof of financial responsibility.
In finding that defendant had, in fact, operated a motor vehicle while his license was suspended, the courts below determined that defendant had failed to satisfy the requirements of section 896 relative to proof of financial responsibility. Consequently, the department was under no duty to reinstate or reissue defendant’s license to him upon the expiration of the period of suspension and the period of suspension had not expired on November 25, 1978, date defendant was arrested and charged with operating a motor vehicle while his license was suspended.
Defendant concedes that he failed to satisfy the requirements relative to proof of financial responsibility; however, he argues that subsection A of section 896 applies, mandating proof of financial responsibility only with respect to “all motor vehicles registered by him for a period of three years.” Therefore, since no motor vehicles were registered by him during this period, the sixty-day period of suspension, imposed on January 8, 1977, had expired on the day he was arrested and charged with operating a motor vehicle while his license was suspended (November 25, 1978). We find no substance to this contention.
While the language of subsection A of section 896 refers to proof of financial responsibility with respect to all motor vehicles registered by a person for a period of three years, we do not believe that this language exempts those who have no motor vehicles registered by them (such as defendant herein) from the requirements relative to proof of financial responsibility as they relate to the duty of the department to reinstate or reissue a license after a period of suspension. The other subsections of section 896 make no reference to the registration of motor vehicles relative to the proof of financial responsibility. Specifically, subsection C requires proof of financial responsibility upon the part of any resident or nonresident licensed driver (without limiting such requirement to motor vehicles registered by him) upon notice of first conviction for driving while intoxicated although the judge who has convicted such driver recommends that the license not be suspended upon such first conviction. We consider it clear that if, under this subsection, the requirements relative to proof of financial responsibility apply to all licensed drivers, regardless of their registration of motor vehicles, then such requirements must likewise apply under the provisions of subsection A of the statute to all licensed drivers (regardless of their registration of motor vehicles) whose licenses are suspended upon the department’s receipt of evidence of their convictions, entry of guilty pleas, or forfeiture of bonds in connection with charges of driving while intoxicated.
*940 We are fortified in this interpretation by other pertinent provisions of Part II (Security Following Accident) of the Safety Responsibility Law indicating that non-owners as well as owners of motor vehicles must give proof of financial responsibility. For example, La.R.S. 32:897, establishing alternate methods of giving proof of financial responsibility, provides in pertinent part:
Proof of financial responsibility when required under this Chapter with respect to a motor vehicle or with respect to a person who is not the owner of a motor vehicle may be given by filing:
(1) A certificate of insurance as provided in R.S. 32:898 ....
(emphasis added) Such certificate of insurance, certifying that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility, “shall designate by explicit description or by appropriate reference all motor vehicles covered thereby, unless the policy is issued to a person who is not the owner of a motor vehicle.” La.R.S. 32:898A. (emphasis added) “A ‘Motor Vehicle Liability Policy’ as such term is used in this Chapter, shall mean an owner’s or operator’s policy of liability insurance, . as proof of financial responsibility.” La. R.S. 32:900A. (emphasis added) “Such operator’s policy of liability insurance shall insure the person named as insured therein against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him, within the same territorial limits and subject to the same limits of liability as are set forth with respect to an owner's policy of liability insurance.” Id. at § 900C. (emphasis added)
In view of these provisions, it is clear that the requirements relative to proof of financial responsibility as contemplated by La. R.S. 32:414F and 32:896A fully apply to those persons who have no motor vehicles registered by them. Hence, as defendant failed to satisfy these requirements relative to proof of financial responsibility, the department was under no duty to reinstate or reissue the license to defendant after the sixty-day period of suspension (imposed on January 8, 1977). Therefore, the courts below did not err in finding that the period of suspension had not expired on November 25, 1978, such that defendant had, in fact, on said date operated a motor vehicle while his license was suspended.
DECREE
For the reasons assigned, the conviction and sentence are affirmed.
CALOGERO, J., dissents.
DENNIS, J., dissents and assigns reasons.

. 369 So.2d 1368 (La. 1979).

. La.R.S. 32:414A provides:
A. The department shall, unless otherwise directed by the court having jurisdiction of the case, suspend the license of any person for a period of sixty days upon receiving, from any district, city or municipal court having traffic jurisdiction, or from any federal court or magistrate having traffic jurisdiction within the territorial limits of the state, satisfactory evidence of the conviction or of the entry of a plea of guilty and sentence thereupon or of the forfeiture of bail of any such person charged with the first offense for operating a motor vehicle while under the influence of beverages of high alcoholic content, of low alcoholic content, of narcotic drugs, or of central nervous system stimulants. The department may investigate an allegation made by such licensee that the suspension of his driving privileges will deprive him or his family of the necessities of life, or will prevent him from earning a livelihood. If the department so finds it may, with approval of the court having jurisdiction of the case, reinstate the license of such licensee; provided, however, that the driving privileges of the licensee shall be restricted to the operation of a motor vehicle to earn a livelihood for a period of sixty days from the date of conviction or of the entry of a plea of guilty and sentence thereupon or of the forfeiture of bail. Notice of said restriction shall be attached to the license. Where such district, city, municipal or federal judge or magistrate has affirmatively recommended that the driving privileges of a person convicted as above not be suspended, the judge or magistrate may, in his discretion, also render an order circumscribing, limiting, or restricting the driving privileges of such licensee for a period not to exceed ninety days from the date of such conviction. A copy of such order shall be sent to the department along with the conviction notice, and a copy shall be attached to the license of the person convicted. A violation of such order shall constitute a violation of this chapter as well as contempt of the court issuing same.

.La.R.S. 32:896 also contains a subsection E which was added by Acts 1966, No. 464, § 1. However, this subsection E is a verbatim replication of subsection C (as amended by Acts 1976, No. 594, § 1). To avoid confusion, we have thus omitted subsection E from the statute as reproduced in this opinion.