CULPEPPER, Judge.
This is a petition under LSA-R.S. 32:415.1 for a restricted driver’s license. The trial court ordered that plaintiff, Ostein J. Dauzat, be granted a restricted license and the defendant, Department of Public Safety, has appealed.
The sole issue in this case is whether or not the trial court can grant limited driving privileges under LSA-R.S. 32:415.1 to a person whose license has been suspended pursuant to LSA-R.S. 32:892.
The facts reveal that on October 5, 1973, a judgment was rendered against plaintiff Dauzat as a result of an automobile accident which occurred on May 16, 1973. The judgment awarded $1,593.13 to the four individuals who were negligently injured by the plaintiff. Plaintiff’s driver’s license was immediately suspended under LSA-R.S. 32:892, which provides:
“§ 892. Suspension for non-payment of judgment; exceptions
A. The commissioner, upon the receipt of a certified copy of a final judgment shall forthwith suspend the license and registration and any non-resident’s operating privilege of any person against whom such judgment was rendered, except as hereinafter otherwise provided in this Section and in R.S. 32:895.
B. If the judgment creditor consents in writing, in such form as the commissioner may prescribe, that the judgment debtor be allowed license and registration or non-resident’s operating privilege, the same may be allowed by the commissioner, in his discretion, for six months from the date of such consent and thereafter until such consent is revoked in writing, notwithstanding default in the payment of such judgment, or any installments thereof prescribed in R.S. 32:895 provided the judgment debtor furnished proof of financial responsibility. Acts 1952, No. 52 § 13.”
Plaintiff, who is 70 years old and has a total income of $312.00 per month to support himself and his wife, has never paid any amount on the judgment and has not driven since 1973. He testified he has applied for a restricted license because he and his wife are no longer able to walk the distance to their church, the doctor and the grocery.
Defendant contends the trial court erred as a matter of law in ordering the issuance of a restricted license to a driver suspended under the Safety Responsibility Law. We agree.
We agree with the holding in Hughes v. Department of Public Safety, 79 So.2d 129 (1st Cir. 1955). In that case, the court was called upon to consider the grounds of judicial review for license and vehicle registration suspensions under the Motor Vehicle Safety Responsibility Law. After a thorough discussion of social policy and legislative intent, the court stated:
“It is specifically set forth in the Act that the Department of Public Safety is to suspend the driver’s license of all operators involved in a motor accident who do not comply with the financial responsibili *959 ty provisions without exception and without regard to legal liability. Although this may work a financial hardship on some motorists, the fundamental legislative purpose was to alleviate the financial hardship of those injured in an accident and the resultant social problem, and to forbid future access to the highways to the financially irresponsible drivers involved in an accident unless they complied with the Act. This is also the jurisprudence of other States with similar statutes, see Annotation, 35 A.L.R. 2d 1011.” (Emphasis supplied)
We recognize that the case before the court in Hughes involved a suspension under LSA-R.S. 39:872 while the case here concerns a suspension under 32:892. We find, however, that the rationale and holding in Hughes is applicable to all suspensions under 32:851, et seq. The legislature has not provided for restricted licenses for any reasons under the Safety Responsibility Law.
We also recognize that plaintiff seeks relief under the provisions of 32:415.1, which was enacted subsequent to the decision in Hughes. We find that the relief available under 32:415.1 is not applicable to suspensions under 32:851, et seq.
R.S. 32:415.1 provides:
“§ 415.1 Economic hardship appeal of driver’s license suspension
A. (1) Upon suspension, revocation or cancellation of a person’s drivers license for the first time only as provided for under R.S. 32:414(B), (C), (D), (E), and R.S. 32:415 said person after initial notice from the department shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations of hardship have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted by the department a restricted license to enable the person to continue to support his family. The restrictions of said license shall be determined by the court . . . .”
By its express provisions, R.S. 32:415.1 A(l) limits its application to certain listed types of suspensions. Suspensions under R.S. 32:851, et seq. are not listed. See also, Hendryx v. Department of Public Safety, 311 So.2d 547 (3rd Cir. 1975) and Spencer v. State of Louisiana, Department of Public Safety, 315 So.2d 912 (4th Cir. 1975).
Various means of relief from a suspension imposed for violation of the Safety Responsibility Law are provided in R.S. 32:892-899. Immediate compliance with any of the alternatives listed will afford plaintiff an adequate remedy without judicial interference.
For the reasons assigned, the judgment appealed is reversed and set aside. Judgment is now rendered in favor of defendant, rejecting plaintiff’s demands at his costs.
REVERSED AND RENDERED.