WATSON, Justice.*
Effective March 9, 1980, the driver’s license of defendant, Lavinia D. Johnson, was suspended for sixty days by the Louisiana Department of Public Safety, Office of Motor Vehicles. On October 7, 1980, defendant was ticketed for driving while her license was under suspension in violation of LSA-R.S. 32:415a.[1] She was found guilty and sentenced to thirty days in jail. A writ was granted to review the conviction and sentence.
Since the period of suspension had expired when defendant was ticketed, she contends she was not guilty of driving under suspension. At most, defendant contends she was operating a vehicle without a driver’s license.
The State makes two answering arguments. First, it contends that defendant’s license remained under suspension because she had not paid the $15 required by LSA-R.S. 32:874B.[2] This argument is unsound. Prior to its amendment by Act No. 229 of 1976, the statute stated that a license would remain suspended until the reinstatement fee was paid. That language was deleted by the 1976 amendment. At the conclusion of the suspension period, defendant’s license was not reinstated but was no longer suspended.
City of Lake Charles v. Iford, 375 So.2d 937 (La., 1979) dealt with the question of financial responsibility under LSA-R.S. 32:896,[3] after a conviction of driving while intoxicated. Financial responsibility is not *719 at issue here. Defendant Johnson was eligible for a license whereas Iford was not because the requirements of LSA-R.S. 32:896 had not been satisfied.
Second, the State relies on LSA-R.S. 32:415B[4] which provides that a period of suspension shall automatically be extended for one year upon conviction of a motor vehicle offense during the suspension period. On May 8, 1980, defendant Johnson had been cited for driving under suspension; she pled guilty and received a fine.
Assuming the validity of an automatic extension, the facts do not support one here. The suspension was for a period of 60 days, beginning March 9, 1980. The 8th day of May, 1980, is the 61st day thereafter. The offense on May 8 was committed after the suspension period, and the statute does not apply.
For the foregoing reasons, the conviction and sentence of the defendant are reversed and set aside.
REVERSED.

 Judges J. Burton Foret, Jimmy M. Stoker and P. J. Laborde of the Court of Appeal, Third Circuit, participated in this decision as Associate Justices Ad Hoc joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.

. LSA-R.S. 32:415A provides:
“It shall be unlawful for any person to operate a motor vehicle upon any public highway of this state during the period of suspension, revocation or cancellation of any license which may have been issued to him by this state or by any other state.”

. LSA-R.S. 32:874B provided at the time defendant’s 60 day suspension period ended, before the effective date of the 1980 amendment:
“Any person whose license has been suspended, revoked, or withdrawn under any provision of this Chapter shall, after complying with the requirements of this Chapter, be required to pay a reinstatement fee of fifteen dollars before such license may be returned, and the license shall remain withdrawn and shall not be renewed, nor shall any such license be issued to such person, until payment of this reinstatement fee has been made. Upon receipt of said fee such license shall be returned within ten days.”

. LSA-R.S. 32:896 provides:
“A. When the director under Section 414(A) or 414(B)(2) of this Title suspends the license or nonresident operating privilege of any person upon receipt of evidence of conviction, entry of guilty plea or forfeiture of bond of any person charged with operating a motor vehicle while under the influence of intoxicating beverages or narcotic drugs or stimulants of the central nervous system, or under Section 667 of this Title for refusal to submit to chemical tests of blood, breath, urine, or other bodily substance for determining the alcoholic content of his blood, no license shall be reinstated or reissued to the person unless such person previously has given or immediately gives and thereafter maintains proof of financial responsibility with respect to all motor vehicles registered by him and shall show financial responsibility individually as a non-owner for a period of three years.
“B. If a person is not licensed, but by final order or judgment is convicted of or forfeits any bail or collateral deposited to secure an appearance for trial for any offense requiring the suspension or revocation of license, or for operating a motor vehicle upon the highways without being licensed to do so, or for operating an unregistered motor vehicle upon the highways, no license shall be thereafter issued to such person until he shall give and thereafter maintain proof of financial responsibility, when required.
“C. Proof of financial responsibility shall also be required upon the part of any resident or nonresident licensed driver upon notice of first conviction, first entry of guilty plea, or first forfeiture of bond for driving while intoxicated, although the judge recommends that the license not be suspended upon such first conviction, first entry of guilty plea, or first forfeiture of bond.
“D. Whenever the commissioner suspends or revokes a non-resident’s operating privilege by reason of a conviction or forfeiture of bail, such privilege shall remain so suspended or revoked unless such person shall have previously given or shall immediately give and thereafter maintain proof of financial responsibility.
“E. Proof of financial responsibility shall also be required upon the part of any resident or nonresident licensed driver upon notice of *719 first conviction for driving while intoxicated although the judge who has convicted such driver recommends that the license not be suspended upon such first conviction.”

. LSA-R.S. 32:415B provides:
“Any period of suspension or revocation shall automatically be extended for a period of one year from the date the licensee would otherwise have been entitled to apply for a new license upon his conviction for any offense involving the operation of a motor vehicle committed during such period. No driver shall use a license issued to him in another state for the purpose of operating a vehicle in this state while his license from this state is under suspension. The department is authorized to suspend or revoke the license of any resident of this state or the privilege of a nonresident to drive a motor vehicle in this state, upon receiving notice of his conviction, or of the entry of a plea of guilty and sentence thereupon, or of the forfeiture of bail in another state or federal jurisdiction for any offense, which if committed in this state, would be grounds for suspension or revocation of the license.”