557 So.2d 447 (1990)
James Wade KLIBERT
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS.
No. 89-CA-618.
Court of Appeal of Louisiana, Fifth Circuit.
February 14, 1990.
*448 Robert R. Faucheux, Jr.[1], LaPlace, for plaintiff-appellee.
Robert L. Roshto, Dept. of Public Safety, Baton Rouge, for defendant-appellant.
Before CHEHARDY, BOWES and GAUDIN, JJ.
GAUDIN, Judge.
This is an appeal by the State of Louisiana, Department of Public Safety and Corrections, from two judgments of the 40th Judicial District Court which (1) overruled an exception of no cause of action filed by the department and (2) ordered that a special restricted driver's license be issued to James W. Klibert. We reverse both judgments, finding the trial judge's reliance on several state statutes misplaced and/or not supported by the record.
Mr. Klibert's driver's license was revoked pursuant to LSA-R.S. 32:872 by the Department of Public Safety after a July 8, 1988 vehicular collision. Mr. Klibert had no liability insurance; subsequently, suit was filed against him by the other parties to the accident.
Mr. Klibert applied for a special restricted driving permit, alleging it was necessary for him to drive to and from his place of employment and for him to operate his employer's truck.
The department filed a peremptory exception of no cause of action, contending that there is no provision in Louisiana for issuance of a special restricted license to persons in violation of R.S. 32:872(B).
A combined hearing on Mr. Klibert's request and the department's exception was held on June 13, 1989. Mr. Klibert was the only witness, testifying mainly about his need for the special permit. He did not say that he had liability insurance at the time of the accident or that he had since obtained insurance, nor did he say he had either been released from liability or been adjudged not to be guilty. Likewise, he did not submit a written agreement providing for payment of damages by him to the injured parties. He did admit to a DWI conviction in 1986 which may or may not have been expunged. There was no proof either way.
The trial judge then ordered the department to issue a special license, citing LSA-R.S. 32:415.1 and LSA-R.S. 32:863(C)(3) as authority. Section 415.1 clearly does not apply as it allows restricted permits for first-time offenders whose licenses were revoked under the narrow and specified provisions of LSA-R.S. 32:414 or 415. To qualify for a special license under 863(C)(3), an applicant must show (1) that he is a first-time offender and (2) that he in fact has security (liability insurance). Neither of these conditions was demonstrated by Mr. Klibert at the June 13, 1989 hearing; consequently, the judgments rendered by the trial judge on June 16, 1989 were in error.
For these reasons, we (1) set aside and revoke the district court judgment granting Mr. Klibert a special operator's license and *449 (2) remand to the trial judge for him to issue an order granting the department's exception of no cause of action. Mr. Klibert is to bear costs of this appeal.
REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] Mr. Faucheux was Mr. Klibert's trial attorney. Mr. Klibert neither filed a brief nor made an appearance in this Court.