GAUDIN, Judge.
. Mrs. Laneese Claverie was involved in a vehicular accident and her driver’s license was suspended under LSA-R.S. 32:872(B). She applied for and was granted a restricted license in the 24th Judicial District Court. The State of Louisiana, Department of Public Safety and Corrections, appealed. We reverse.
According to LSA-R.S. 32:874(A), Mrs. Claverie’s suspension shall not be lifted unless she (1) deposits security, (2) provides evidence satisfactory to the commissioner that a year has passed without a lawsuit being instituted against her, (3) has a release from liability, (4) shows a final adjudication of nonliability or (5) presents a written agreement indicating her willingness to pay for damages caused on an installment plan.
According to appellant, Mrs. Claverie and the state’s counsel met with the district judge in chambers on September 16, 1991, at which time Mrs. Claverie was given 30 days to comply with one of the conditions of R.S. 32:874(A). A hearing was set for October 16, 1991.
On October 16th, the trial judge ordered Mrs. Claverie “... be granted restricted driving privileges, to drive her insured vehicle, during the daylight hours, to attend to her medical and personal needs within a radius of 15 miles of her home.”
The state was not represented at the hearing and Mrs. Claverie did not testify. Her affidavit was submitted, however. *77 The affidavit states that Mrs. Claverie, who apparently does not own an automobile, has permission to drive an auto owned by her sister. The affidavit does not clearly say that the sister’s car is insured nor does the affidavit attempt to address any of the conditions specified in R.S. 32:874(A).
By stating in R.S. 32:874 that a person suspended under R.S. 32:872 “... shall remain so suspended ...” until one of the specified conditions is met for reinstatement of driving privileges, the legislature intended the described suspension to be mandatory. Under other sections of Title 32, a district judge can order issuance of a hardship or restricted license but not under R.S. 32:874. See Kliebert v. Dept. of Public Safety & Corr., 557 So.2d 447 (La.App. 5 Cir.1990), also Dauzat v. Louisiana Dept. of Public Safety, 386 So.2d 957 (La.App. 3 Cir.1980).
We set aside the district court judgment of October 16, 1991. The exception of no cause of action filed by appellant is hereby maintained.
REVERSED.