GUIDRY, Chief Judge.
Defendant, the State of Louisiana through the Department of Public Safety (DPS), sus-pensively appeals from the trial court’s judgment ordering the DPS to issue plaintiff, Jerry Jack, a six month restricted driver’s license while Jack obtains his full driving privileges. The DPS contends that, because plaintiffs driving privileges were not suspended by DPS at the time suit was instituted, plaintiff is not entitled to a restricted driver’s license. We agree and reverse.

FACTS

Plaintiff first obtained a Louisiana driver’s license in 1977 at the age of 17. Sometime in 1982, he moved to Texas and, during that year, obtained a Texas driver’s license. Jack subsequently returned to Louisiana but did not obtain a Louisiana driver’s license. He lost his Texas driver’s license when he lost his wallet in 1984. Thereafter, Jack had no driver’s license.
In the early part of 1990, Jack applied for a Louisiana driver’s license and took the written examination. On April 4, 1990, prior to taking the actual driving examination, he was arrested for driving while intoxicated (DWI), first offense. He had not yet obtained a license at the time of his arrest. Pursuant to La.R.S. 32:667(B)(1), his driving privileges were suspended for 90 days. On June 7, 1990, Jack pled guilty to first offense DWI and, pursuant to La.R.S. 32:414(A)(1), his driving privileges were suspended for 60 days. The suspensions became effective September 24, 1990 and were imposed concurrently through December 23, 1990.
On July 11, 1993, Jack filed suit against the DPS seeking reinstatement of driving privileges and, alternatively, a restricted driver’s license. The DPS did not file an answer but did appear, through counsel, at the July 30, 1993 hearing on this matter. At the hearing, Jack testified that he needed the restricted driver’s license to get to and from work at a local department store. He admitted that he had not possessed a valid driver’s license since 1984 when he lost his Texas license. At the close of the hearing, the DPS argued that the granting of a restricted driver’s license is contemplated only for situations in which the person’s driving privileges are suspended. Because Jack’s suspension ended in December of 1990, the DPS argued that he could not, in 1993, seek a restricted driver’s license. He could, however, like any other Louisiana resident, obtain a license by completing an application, paying the applicable fee and passing the examinations.
After the hearing, the trial court rendered judgment ordering the DPS to issue Jack a restricted license for six months while he obtains his full driving privileges. The DPS appeals.

OPINION

La.R.S. 32:415.1(A)(1) governs the granting of a “hardship” or “restricted” driver’s license for economic necessity. The statute provides as follows:
A. (1) Upon suspension, revocation, or cancellation of a person’s drivers license for the first time only as provided for under R.S. 32:414 and R.S. 32:415 said person, after initial notice from the department, shall have the right to file a petition in the district court of the parish in which *522 the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations of hardship have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted, by the department, a restricted license to enable the person to continue to support his family. The restrictions of said license shall be determined by the court and shall include the following:
(a) Licensee shall only be permitted to operate a motor vehicle on such streets as would enable him to earn his livelihood.
(b) Such operation is restricted to such times during which he is involved in earning a livelihood.
(c) During the period of suspension, licensee shall be responsible for applying to the court in the event that earning his livelihood necessitates a change in the original restrictions proposed by the court.
(d) Any other restrictions that the court determines to be necessary and proper.
This statute clearly contemplates that a suspended driver may seek a restricted driver’s license to allow him to drive during a period of first time “suspension, revocation or cancellation”. Jack’s license or driving privileges were suspended between September 24, 1990 and December 23, 1990. Thereafter, his driving privileges were no longer suspended. City of Bastrop v. Johnson> 403 So.2d 717 (La.1981). After his suspension ended, plaintiff could seek an unrestricted driver’s license through the procedures established by the legislature and the rules promulgated by the DPS. Apparently, he chose not to do so. Instead, he waited over two and one-half years without a license before filing this suit.
Under the applicable law, plaintiff is not entitled to sue for or obtain a restricted driver’s license. He admits in his petition and the evidence reflects that Jack’s “period of suspension has been completed”. Under the circumstances, the law, La.R.S. 32:415.-1(A)(1), does not afford him the remedy sought, a restricted driver’s license, because the statute contemplates granting a restricted driver’s license only during a period of suspension. Because his period of suspension is completed, he need only apply for an unrestricted driver’s license through his local office of the DPS, Office of Motor Vehicles. If he meets the standard requirements and pays the applicable fee, he is entitled to an unrestricted driver’s license.
For these reasons, we reverse the trial court’s judgment and order plaintiffs suit dismissed. Plaintiff, Jerry L. Jack, is cast with all costs, both at the trial level and on appeal.
REVERSED AND RENDERED.