638 So.2d 732 (1994)
Sean Patrick BRAY
v.
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS.
No. 93 CA 1934.
Court of Appeal of Louisiana, First Circuit.
June 24, 1994.
Michael Connelly, Baton Rouge, for appellee, Sean Patrick Bray.
William A. Bass, II, and Robert L. Roshto, Dept. of Public Safety, Baton Rouge, for appellant Dept. of Public Safety & Corrections.
*733 Before CARTER, GONZALES and WHIPPLE, JJ.
GONZALES, Judge.
This is an appeal by the Louisiana Department of Public Safety and Corrections (DPSC) of a judgment granting Sean Patrick Bray (plaintiff) a restricted driver's license.

FACTS AND PROCEDURAL HISTORY
On February 2, 1993, plaintiff filed a "Petition in Suit for Hardship License" pursuant to La.R.S. 32:415.1. The petition acknowledged that plaintiff, now a Louisiana resident for several years, had previously had his driving privileges revoked in the State of Florida on November 20, 1985. The petition further alleged that, although plaintiff has not driven since the effective date of the revocation, he had recently been informed by his employer that his job was soon going to require that he be able to drive in Louisiana and Texas. Plaintiff's employer also allegedly informed him that he would lose his job if not able to fulfill the driving requirements. Claiming that his inability to obtain a hardship license in Louisiana would deprive him of his livelihood and cause severe economic hardship to his family, plaintiff prayed that the DPSC be ordered to issue him such a license for employment purposes.
On March 26, 1993, the DPSC filed an "Exception of No Cause of Action and Exception of No Right of Action," averring that a restricted Louisiana driver's license may only be issued under La.R.S. 32:415.1 following a first suspension, revocation, or cancellation of a Louisiana license. Because plaintiff's petition failed to allege that he was serving his first suspension of a Louisiana driver's license, it was the position of the DPSC that plaintiff failed to state a cause of action. In other words, the DPSC claimed that plaintiff was not entitled to a restricted Louisiana license because his revocation was being served under Florida law and not due to a violation of Louisiana law.
Following a hearing on June 18, 1993, the trial court rendered judgment dated July 27, 1993, dismissing the DPSC's exception, and ordering the DPSC to issue a restricted license to plaintiff. The judgment reads, in pertinent part:
IT IS FURTHER ORDERED, ADJUDGED and DECREED that there be judgment herein ordering the Louisiana Department of Public Safety and Corrections to issue plaintiff a hardship license for the purpose of allowing him to drive a motor vehicle to and from his job in either New Orleans or Houston and/or Galveston, Texas. Said license is to restrict plaintiff to the use of the interstate routes only between his home in Baton Rouge and the above named locations.
IT IS FURTHER ORDERED, ADJUDGED, [and] DECREED that in order to maintain this license plaintiff is required to refrain from drinking any alcoholic beverages and to attend two meetings of Alcoholic's Anonymous per week when he is not offshore.
From this judgment, the DPSC appeals, asserting the following assignments of error:
1. The trial court erred in ordering the issuance of a restricted license to a person who was not a licensed driver in the State of Louisiana or any other state.
2. The trial court erred in dismissing the DPSC's exception of no cause of action where the plaintiff failed to allege that he had been suspended for the very first time.
We address both assignments of error below.

LOUISIANA DRIVER'S LICENSE LAW WITH REGARD TO ECONOMIC HARDSHIP
According to La.R.S. 32:415, it is unlawful for any person to operate a motor vehicle upon any public highway of Louisiana during a period of suspension, revocation, or cancellation of any license issued to him by this state or by any other state. However, under the provisions of La.R.S. 32:415.1, upon suspension, revocation, or cancellation of a person's driver's license for the first time only, as provided for under La.R.S. 32:414 and La.R.S. 32:415, the person has a right to file a petition for a restricted license in the district court of the parish in which he is domiciled, alleging that the revocation of his *734 driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood.
It is the position of the DPSC that La.R.S. 32:415.1 only authorizes the issuance of a restricted license to a person who has been issued a Louisiana driver's license, and who has had that Louisiana license suspended, revoked, or canceled pursuant to a violation of Louisiana law. The DPSC argues that a restricted Louisiana license is not available to a person who has had his non-Louisiana driver's license suspended, revoked, or canceled pursuant to a violation of the laws of the state that issued the license.
When read in conjunction with § 415, we disagree with the DPSC's interpretation of § 415.1. Under § 415(A), the State of Louisiana maintains the authority to enforce suspensions, revocations, and cancellations issued under the laws of other states, and makes it unlawful for any person to drive on Louisiana public highways after having been issued a suspension, revocation, or cancellation of his non-Louisiana driver's license. However, under § 415.1, the right to petition for a restricted license is specifically granted to a person "[u]pon suspension, revocation, or cancellation of [his] driver[`]s license ... under... R.S. 32:415." Thus, because a restricted Louisiana license is available to a person whose license has been suspended, revoked, or canceled under § 415, and because § 415 authorizes the State of Louisiana to enforce non-Louisiana issued suspensions, revocations, and cancellations, then it necessarily follows that a restricted Louisiana license is available to a person whose license has been suspended, revoked, or cancelled pursuant to state laws other than those of Louisiana.
Although the trial court did not err in applying § 415.1 to a person whose driver's license revocation was issued by a state other than Louisiana, the trial court did err in granting a restricted license to a person who had multiple previous suspensions. As is clearly set forth in La.R.S. 32:415.1, the issuance of a restricted license is only authorized upon suspension, revocation, or cancellation of a person's driver's license "for the first time only," not where there have been prior suspensions, revocations, or cancellations. Hauck v. Louisiana Department of Public Safety and Corrections, License Control and Driver Improvement Division, 597 So.2d 493, 494 (La.App. 1st Cir.1992); Klibert v. State of Louisiana, Department of Public Safety and Corrections, 557 So.2d 447, 448 (La.App. 5th Cir.1990).
According to the State of Florida's "Order of License Revocation, Suspension, or Cancellation" dated December 23, 1985, plaintiff was convicted of driving while intoxicated or with an unlawful blood alcohol content on five separate occasions in 1977, 1978, 1979, and 1985. The transcript of plaintiff's driving record also indicates that plaintiff's license was suspended for various lengths of time in connection with these alcohol-related driving offenses, and ultimately, was permanently revoked effective November 20, 1985. Therefore, because plaintiff has had more than one suspension, he was not entitled to a restricted driver's license under the provisions of La.R.S. 32:415.1. However, this finding does not permanently foreclose plaintiff's opportunity to become a licensed driver of the State of Louisiana.

THE DRIVER LICENSE COMPACT
In 1968, the State of Louisiana, joined several states in the nation, by enacting The Driver License Compact, La.R.S. 32:1420 et seq. (the Compact). The Compact provides for reciprocal recognition by all party states of the driver licensing eligibility laws of all other party states. The State of Florida is also a party to the Compact. See F.S.A. § 322.43 et seq. Of specific relevance herein, Article V of the Compact provides, in pertinent part:
Applications for new licenses
Upon application for a license to drive, the licensing authority [herein, the DPSC] shall ascertain whether the applicant has ever held, or is the holder of, a license to drive issued by any other party state. The licensing authority in the state where application is made shall not issue a license to drive to the applicant if:
(1) The applicant has held such a license, but the same has been suspended by reason, in whole or in part, of a violation and if such suspension period has not terminated.

*735 (2) The applicant has held such a license, but the same has been revoked by reason, in whole or in part, of a violation and if such revocation has not terminated, except that after the expiration of one year from the date the license was revoked, such person may make application for a new license if permitted by law. The licensing authority may refuse to issue a license to any such applicant if, after investigation, the licensing authority determines that it will not be safe to grant such person the privilege of driving a motor vehicle on the public highways. (Emphasis added.)
Thus, according to the Compact, because over one year has expired since the date plaintiff's Florida license was revoked, plaintiff may make application for a new license in Louisiana if permitted by law. Upon such application, the DPSC may refuse to issue the license if, after an investigation, the DPSC determines that it will not be safe to grant to plaintiff the privilege of driving on Louisiana highways.

CONCLUSION
For the reasons set forth herein, we reverse the judgment of the trial court ordering the Department of Public Safety and Corrections to issue a restricted license to plaintiff. Costs of this appeal are to be shared equally by the parties.
REVERSED.