PATRICIA RIVET MURRAY, Judge.
11 This is a petition under La. R.S. 32:415.1 for a hardship-restricted driver’s license. The trial court ordered the Louisiana Department of Public Safety (the “Department”) to grant Michael Nasello a hardship-restricted license. From that decision, the Department appeals. The sole issue presented is whether the trial court has authority to order the Department to grant a hardship-restricted license under La. R.S. 32:415.1 to a person whose license has been suspended under La. R.S. 32:892 for failure to satisfy a civil judgment arising out of a motor vehicle collision. Finding the trial court lacks the authority, we reverse.
FACTUAL AND PROCEDURAL BACKGROUND
The record reflects the following factual chronology of events. On December 9, 2000, Mr. Nasello was involved in a motor vehicle collision in St. Bernard Parish. At the time of the accident, he was driving an uninsured vehicle. The driver of the other vehicle, Wanda Lewis, and her insurer, State Farm Mutual Automobile Insurance Company, sued Mr. Nasello seeking to recover damages. The suit resulted in a judgment against Mr. Nasello in the amount of $5,395.13 in favor of State Farm Mutual Automobile Insurance Company and in the amount of $500.00 in favor of Ms. Lewis. Judgment to that effect was signed on December 9, | «,2002. Due to Mr. Nasello’s failure to satisfy the judgment, the Department indefinitely suspended his driver’s license and his vehicle registration privileges under La. R.S. 32:892.
On May 26, 2006, Mr. Nasello filed a petition for Restrictive (Hardship) Driv *89 er’s License pursuant to La. R.S. 32:415.1. Although Mr. Nasello alleged in his petition that his license was suspended for ninety days commencing on June 19, 1993, for driving while intoxicated, the Department established that the suspension at issue was for Mr. Nasello’s failure to satisfy the judgment arising out of the December 2000 accident.[1]
In his petition, Mr. Nasello alleged that he is disabled and must drive to procure necessary medical care. He further alleged that it is necessary for him to drive to and from his place of employment and for him to drive company vehicles for job related assignments. The Department has not disputed the hardship allegations.
On July 19, 2006, a hearing was held to determine whether Mr. Nasello should be granted a hardship-restricted license. At the hearing, the Department presented evidence to establish that the suspension at issue was imposed under La. R.S. 32:892 for Mr. Nasello’s failure to satisfy the December 2002 judgment. The Department’s evidence consisted of the following three documents: (i) a certified copy of Mr. Nasello’s driving record, which indicated that his license was suspended for failing to satisfy the judgment; (ii) a copy of the petition Ms. Lewis |sand State Farm filed against Mr. Nasello, which alleged he was driving an uninsured vehicle; and (iii) a copy of the December 2002 judgment against Mr. Nasello. As the Department points out, Mr. Nasello presented no evidence to the contrary.
Following the hearing, the trial court ruled in favor of Mr. Nasello and ordered the Department to grant him a hardship-restricted license. In its judgment, the trial court declared that Mr. Nasello is disabled and ordered that he “shall be permitted to operate a motor vehicle only on such streets and at such times as would enable him to obtain medical treatment for his debilitative condition” and “allowed driving privileges to provide him or his family the necessities of life or the provision of income.” This appeal followed.
DISCUSSION
Mr. Nasello sought and obtained relief from the trial court under La. R.S. 32:415.1, which provides as follows:
Except as provided in R.S. 32:378.2(A) and 415(B)(2), upon suspension, revocation, or cancellation of a person’s driver’s license for the first time only as provided for under R.S. 32:414 and 415, said person, after initial notice from the department, shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life, will prevent him from earning a livelihood, or prevent him from obtaining proper medical treatment if disabled. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations of hardship have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life or prevent the licensee from *90 obtaining proper medical treatment if disabled, the court may order that the person be granted, by the department, a restricted license to enable the person to continue to support his family or to obtain such medical treatment as provided for in this Section. The restrictions of said license shall be determined by the court....
|4La. R.S. 32:415.1(A). As noted, the Department contends that the trial court erred in finding this provision applies to Mr. Nasello’s suspension under La. R.S. 32:892. We agree.
The governing provisions in this case are La. R.S. 32:891-95, which are contained in the Motor Vehicle Safety Responsibility Law. These statutes provide in pertinent part as follows.
First, La. R.S. 32:891 provides:
Whenever any person fails within sixty days to satisfy any final judgment, upon the written request of the judgment creditor or his attorney, it shall be the duty of the clerk of the court, or of the judge of a court which has no clerk, in which any such judgment is rendered within this state, to forward to the commissioner immediately after the expiration of said sixty days, a certified copy of such judgment.”[2] Second, La. R.S. 32:892 provides:
The commissioner, upon the receipt of a certified copy of a final judgment shall forthwith suspend the license and registration and any non-resident’s operating privilege of any person against whom such judgment was rendered, except as hereinafter otherwise provided in this Section and in R.S. 32:895.
Third, La. R.S. 32:893 provides:
Such license, registration and non-resident’s operating privilege shall remain so suspended and shall not be renewed, nor shall any such license or registration be thereafter issued in the name of such person, including any such person not previously licensed, unless and until every such judgment is stayed, satisfied in full or to the extent hereinafter provided and until the said person gives proof of financial | ¡^responsibility subject to the exemption stated in R.S. 32:892 and 32:895.[3]
Fourth, La. R.S. 32:894 defines the amount of payment that will be deemed to satisfy the judgment. Finally, La. R.S. 32:895 provides for judicially approved payment of the judgment in installments.
The jurisprudence has construed La. R.S. 32:415.1 as inapplicable to a suspension under La. R.S. 32:892. Dauzat v. Louisiana Dep’t of Public Safety, Office of Motor Vehicles, 386 So.2d 957, 959 (La. App. 3d Cir.1980). As noted above, La. R.S. 32:892 is part of the Safety Responsibility Law. The court in Dauzat noted that “[t]he legislature has not provided for restricted licenses for any reason under the Safety Responsibility Law.” Dauzat, 386
*91 So.2d at 959 (citing Hughes v. Dep’t of Public Safety, 79 So.2d 129 (La.App. 1st Cir.1955)). The court further noted that public policy dictates that “[although this may work a financial hardship on some motorists, the fundamental legislative purpose [of the Safety Responsibility Law] was to alleviate the financial hardship of those injured in an accident and the resultant social problems, and to forbid future access to the highways to the financially irresponsible drivers involved in an accident unless they complied with the Act.” Dauzat, 386 So.2d at 959 (quoting Hughes, supra).
By its express terms, La. R.S. 32:415.1 is limited to certain listed types of suspensions — suspensions under R.S. 32:414 and 415 issued to first time offenders — and a suspension under La. R.S. 32:892 is not one of them. Dauzat, 386 So.2d at 959. The Legislature has expressly provided in La. R.S. 32:891 — |95ñ various methods of obtaining relief without judicial intervention, including obtaining court approval to pay the judgment in installments under La. R.S. 32:895. Id. Moreover, La. R.S. 32:893 provides that unless one of the exemptions applies, the suspension under La. R.S. 32:892 shall continue until the judgment is satisfied and proof of financial responsibility is provided. As the Department points out, Mr. Nasello presented no evidence to that effect.
For the foregoing reasons, we find the trial court erred in ordering the Department to grant Mr. Nasello a hardship-restricted license.
DECREE
The judgment of the trial court is reversed.
REVERSED AND RENDERED.

. Regardless, we note that the driving while intoxicated suspension Mr. Nasello refers to in his petition would have expired by its terms in September 1993, over a decade before this suit was filed, and it could not serve as the basis for seeking a hardship-restricted license. See Jack v. State, Dep’t of Public Safety, 93-1093 (La.App. 3 Cir. 4/6/94), 635 So.2d 520 (holding that a suspension which has lapsed cannot serve as the basis for seeking a hardship-restricted license). In fact, Mr. Nasello apparently had a valid driver's license at the time of the December 2000 accident.

. A judgment is defined by La. R.S. 32:851(2) as follows:
Any judgment which shall have become final by expiration without appeal of the time within which a suspensive appeal might have been perfected or by final affirmation on appeal, rendered by a court of competent jurisdiction of any state or of the United States, upon a cause of action arising out of the ownership, maintenance or use of any motor vehicle, for damages, including damages for care and loss of services, because of bodily injury to or death of any person, or for damages because of injury to or destruction of property including the loss of use thereof, or upon a cause of action on an agreement of settlement for such damages.

. The exemptions referred to are La. R.S. 32:892(B), when the judgment creditor consents in writing; La. R.S. 32:892(C), when the judgment debtor’s insurer becomes insolvent after the accident; and La. R.S. 32:895, when the judgment debtor obtains court approval to pay the judgment in installments.